UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                                    Case No. 08-73915-ast

COUNT BAILEY and JEAN BAILEY,                   Chapter 13

                              Debtors.
------------------------------------------------------x

**APPEARANCES:**

    Shmuel Klein, Esq.
    268 Route 59
    Spring Valley, New York 10097

    Count Bailey and Jean Bailey
    1338 Tanwood Drive
    Baldwin, New York 11510

    Marianne DeRosa, Esq.
    Standing Chapter 13 Trustee
    100 Jericho Quadrangle
    Suite 208
    Jericho, New York 11753

    Diana G. Adams, Esq.
    United States Trustee–Region 2
    Christine H. Black, Esq.
    Assistant United States Trustee
    Office of the United States Trustee
    530 Federal Plaza
    Central Islip, New York 11722

## **MEMORANDUM OPINION ON REQUEST FOR ATTORNEY FEES**

### **Issues Before the Court and Summary of Ruling**

Pending before the Court is the request for the allowance of legal fees of Shmuel

Klein ("Mr. Klein"), the former attorney of debtors Count Bailey and Jean Bailey

("Debtors"), and the request of the United States Trustee ("UST") that Mr. Klein disgorge the fees he has been paid. For the reasons herein, this Court approves Mr. Klein's request for the allowance of fees in part, and approves the United States Trustee's request for disgorgement in part.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Procedural History

On July 23, 2008, Debtors filed a voluntary petition ("Petition") for relief under Chapter 13 of the United States Bankruptcy Code ("Petition Date"). [dkt item 1] Mr. Klein filed the Petition on Debtors' behalf. Along with the Petition, Debtors filed, *inter alia*, their Schedules and Statement of Financial Affairs ("SOFA"). These Schedules disclose that Debtors were the owners of a single family residence in Baldwin, New York. Debtors valued their home at $475,000.00, against which Debtors listed a mortgage debt of $473,895.00.

Along with the Petition and SOFA, Mr. Klein filed his Disclosure of Compensation of Attorney for Debtor(s) ("Disclosure"), pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. [dkt item 1] Mr. Klein's Disclosure is vague and inconsistent as to the type and extent of services Mr. Klein agreed to perform, as further discussed *infra.*

Mr. Klein also filed his Statement Pursuant to Local Rule 2017. [dkt item 3] This

Statement described pre-petition services he provided to Debtors as follows:

        Dec. 12, 2007        Initial interview, analysis of financial
                                       condition, etc.
        July 18, 2008        Preparation and review of
                                       Bankruptcy petition

[dkt item 3 ¶ 2] The amount of time spent on these tasks is not provided. Finally, this Disclosure states that Mr. Klein's "usual rate of compensation of bankruptcy matters of this type is $3,774.00." [dkt item 3 ¶ 5]

       Mr. Klein did file a Chapter 13 Plan on behalf of the Debtors on the Petition Date. [dkt item 2] A meeting of creditors under Section 341(a) of the Bankruptcy Code was scheduled for and subsequently held on August 19, 2008.

       On November 20, 2008, a hearing on the confirmation of the Debtors' Chapter 13 Plan was rescheduled for February 5, 2009 ("Confirmation Hearing"). On December 18, 2008, creditor HSBC Bank USA, NA ("HSBC") filed a Motion for Relief from Stay regarding Debtors' home ("Lift Stay Motion"). [dkt item 22] A hearing on the Lift Stay Motion was scheduled for January 15, 2009 ("Lift Stay Hearing").

       On December 31, 2008, Debtors filed a Motion to Object to Claim No. 7, the HSBC Claim ("Claim No. 7 Objection"). [dkt item 24] Also on December 31, 2008, Debtors filed a Motion to Object to Claim No. 2, a claim of Washington Mutual which was purportedly secured by a second lien against Debtors' home ("Claim No. 2 Objection"). [dkt item 25] A hearing on Claim No. 7 Objection and Claim No. 2 Objection was scheduled for February 3, 2009 ("Claim Objections Hearing").

       On January 15, 2009, the Lift Stay Hearing was adjourned to February 5, 2009.

       On January 19, 2009, the Chapter 13 Trustee filed a Motion to Dismiss

this case. A hearing on the Motion to Dismiss was scheduled for February 5, 2009 ("Motion to Dismiss Hearing").

On February 2, 2009, this Court issued an Order adjourning the Confirmation Hearing, Lift Stay Hearing, Claim Objections Hearing, and Motion to Dismiss Hearing to March 10, 2009 ("March Adjourned Hearing").

On February 4, 2009, Debtors commenced adversary proceeding number 09-8053 against HSBC ("Adversary"). In the Adversary Complaint, Debtors raise issues, *inter alia*, regarding the Real Estate Settlement Practices Act, the Fair Debt Collection Act, and the Truth in Lending Act. [adv item 1]

On February 10, 2009, the District Court for the Eastern District of New York suspended Mr. Klein from the practice of law in the Eastern District of New York (the "District Court Suspension Order"), in a case styled as *In re Klein, Esq., Civil Docket number 1:08-mc-00331-BMC*. The District Court Suspension Order, entered on February 17, 2009, provides, in pertinent part, as follows:

> ORDERED, pursuant to Local Rule 1.5 that respondent [Mr. Klein], be and hereby is suspended from the practice of law before this Court upon such terms and conditions as set forth in the Appellate Division's decision of June 30, 1997, and the Second Circuit Order of November 7, 2008 and until further order of this Court. This order shall become effective 24 days after the date of service upon said attorney unless otherwise modified or stayed.

On February 23, 2009, this Court issued an Order adjourning the March Adjourned Hearing to April 14, 2009 ("April Adjourned Hearing").

On March 9, 2009, HSBC filed a motion to dismiss the Adversary.

On March 11, 2009, this Court, per Chief Judge Craig, issued General Order

Number 537 regarding Mr. Klein's suspension from the practice of law ("Bankruptcy Court Suspension Order"). The Bankruptcy Court Suspension Order noted that the District Court Suspension Order suspended Mr. Klein and noted that E.D.N.Y. LBR Rule 2090-1(a) provides, *inter alia*, that an attorney whose right to practice has been suspended by the District Court is also suspended from practicing before this Court. Thus, Mr. Klein's privilege to practice before this Court was suspended, effective as of March 11, 2009.

The Bankruptcy Court Suspension Order further directed Mr. Klein, as the attorney of record in several cases pending in this Court, including this case, to notify his clients of both his suspension and their need to retain substitute counsel, so as not to interfere with this Court's administration of these cases, or prejudice the debtors or their creditors.[1]

On March 19, 2009, Mr. Klein filed a Certificate of Service, representing that he provided notice that he had been suspended by the Bankruptcy Court Suspension Order. [dkt item 32; adv item 4] On March 19, 2009, Mr. Klein was terminated as attorney of record in Debtors' bankruptcy case. On March 20, 2009, Mr. Klein was terminated as attorney of record for Debtors in the Adversary.

---

[1] Specifically, the Bankruptcy Court Suspension Order provides, *inter alia*, that it is

> ORDERED, that in addition to any other obligations imposed upon Klein by any court order, statute, rule or regulation relating to his suspension, Klein shall on or before March 20, 2009, give the notice required by 22 NYCRR § 691.10(d)(1) and (3), and in the manner set forth therein, to any client for whom he has appeared in a case or adversary proceeding currently pending in this Court, to any attorney for each adverse party in such adversary proceeding, to any chapter 7 or chapter 13 trustee in that case, and to the United States Trustee, and shall promptly file a copy of each such notice on the electronic docket of the case or adversary proceeding to which it pertains.

On March 27, 2009, Debtors, through new counsel ("New Counsel"),[2] filed an opposition to HSBC's motion to dismiss the Adversary. [adv item 5]

On April 14, 2009, the April Adjourned Hearing was held.  Debtors appeared with New Counsel.  Debtors expressed their desire to keep their home.  At the April Adjourned Hearing, this Court directed Debtors to pay HSBC $ 8,000.00 by May 5, 2009, and directed Debtors to pay the Chapter 13 Trustee two payments totaling $3,412.00 by May 5, 2009.  The Claim Objection Hearing, Lift Stay Hearing, and the Confirmation Hearing were all then adjourned to May 19, 2009.  A conditional order to this effect was entered on April 28, 2009 ( the "Conditional Order"). [dkt item 38]

In addition, at the April Adjourned Hearing, Debtors expressed frustration with the legal representation they received from Mr. Klein for the $3,774.00 they paid him prior to the Petition Date.  Consequently, this Court issued an Order to Show Cause, directing Mr. Klein to appear and show cause on May 19, 2009, at 9:30 a.m. (the "Order to Show Cause Hearing"), why he should not be ordered to disgorge fees paid in connection with this case, pursuant to Bankruptcy Rule 2017. [dkt item 44]

On May 18, 2009, Mr. Klein filed an Affirmation in Response to Order to Show Cause (the "Fee Response") [dkt item 45] which, *inter alia,* contained a description of the services he rendered prior to the Petition Date and a detailed break-down of services performed after the Petition Date.  These services totaled 12.0 hours and Mr. Klein stated an hourly rate of $385.00.

On May 19, 2009, the Order to Show Cause Hearing was held.  At the conclusion

---

[2] This Court notes that although Debtors appeared with a different attorney beginning on March 27, 2009, this New Counsel works for a firm with the same address that had been listed for Mr. Klein.

Memorandum Opinion - p. 6

of that hearing, this Court directed that any party wishing to file a response to the Fee Response must do so within fourteen (14) days. Accordingly, an Order entered on May 19, 2009, required any party wishing to file a response to the Fee Response to do so on or before June 2, 2009. [dkt item 46]

Also as a result of the Order to Show Cause Hearing, this Court entered an Order dismissing this case, primarily due to Debtors' failure to comply with the April 28 Conditional Order. Dismissal was originally made effective as of June 29, 2009, in order for this Court to more fully review Mr. Klein's fee request. [dkt item 49]

On June 1, 2009, the UST filed an objection to the Fee Request ("UST Objection") [dkt item 50]. The UST asserts, *inter alia*, that Mr. Klein should be required to disgorge the entire fee he was paid.

Although not authorized by this Court, on June 3, 2009, Mr. Klein, through New Counsel, filed a reply to the UST Objection (the "Reply"). [dkt item 51] In his Reply, Mr. Klein states, *inter alia*, as follows:

> Over ONE YEAR of work was performed on behalf of the debtors. The fee charged for the work performed is the standard fee for a Chapter 13, in what most districts call the "no look" fee. It is the usual fee charged by all Chapter 13 bankruptcy attorneys that I know of in this Circuit. I am a member of the National Association of Consumer Bankruptcy Attorneys and most members in this Circuit charge the $3500.00 plus the $274.00 filing fee or $3774.00 or more. It is the usual and customary charge, if not lower than most Chapter 13 attorneys charge.

[dkt item 50]

Further proceedings in the Adversary have been abated in light of Mr. Klein's suspension.

On June 25, 2009, this Court entered an Order Extending Dismissal Date, thereby extending the dismissal date of this case until August 10, 2009. [dkt item 52]

## **Legal Analysis**

In a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case. *See* 11 U.S.C. § 330(a)(4)(B). Compensation is based upon a consideration of the benefit and necessity of such services to the debtor. The standard for determining compensation of a Chapter 13 debtor's attorney is, therefore, different than the standard utilized in Chapter 11 cases, as the services of the Chapter 13 attorney need not benefit the estate generally, so long as the services benefit the debtor. *See* 11 U.S.C. § 330(a)(3).

Bankruptcy Code § 330(a)(4)(B) provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). The "other factors" referenced in Section § 330(a)(4)(B) are set forth in Section 330(a)(3), which provides:

> In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

>   (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.
>
>   (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *see also In re Anderson*, 362 B.R. 575 (Bankr. E.D.N.Y. 2007) (addressing chapter 13 attorneys fees under the Bankruptcy Code and other federal statutes).

Mr. Klein bears the burden of proof to demonstrate entitlement to the requested fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bolton*, 43 B.R.598, 600 (Bankr. E.D.N.Y 1984). This Court has an obligation to examine the propriety of an attorney's fees, regardless of whether an objection is raised. *In re Thorn*, 192 B.R. 52, 55 (Bankr. N.D.N.Y.1995). In *Thorn*, former Northern District of New York Bankruptcy Court Chief Judge Gerling noted that "when the issues are not complex and the process is straightforward, an attorney is expected to exercise "billing judgment" [citation omitted], and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *Id.* at 56 (citing *Hensley*, 461 U.S. at 437); *see also In re Hirsch*, No. 1-02-17966, 2008 WL 5234057, *5 (Bankr. E.D.N.Y. 2008).

Bankruptcy Rule 2017(b) provides that, after notice and hearing, the court may:

> determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

FED. R. BANKR. P. 2017(b).  Bankruptcy Rule 2017 expressly authorizes the Court to analyze and determine whether any payment made to a debtor's attorney is reasonable or excessive, whether such agreement is made before the order for relief (Rule 2017(a)), or after the order for relief (Rule 2017(b)),[3] so long as such services are "in any way related to the case." FED. R. BANKR. P. 2017.

Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the standards set forth in Section 330 of the Code:

> Application for Compensation or Reimbursement. An entity seeking interim of final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2) the amounts requested.

FED. R. BANKR. P. 2016(a).  To satisfy this burden, a claimant must justify its charges with detailed, specific, itemized documentation. *In re Bennett Funding Group Inc.*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997); *In re Poseiden Pools of Am., Inc.,* 180 B.R. 718, 729 (Bankr. E.D.N.Y. 1995), *aff'd*, 216 BR. 98, 100 (E.D.N.Y. 1997).  Billing records

---

[3] Bankruptcy Rule 2017(b) provides that, after notice and hearing, the court may:

> determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

FED. R. BANKR. P. 2017(b).

must clearly identify each billed discrete task, indicate the date the task was performed, the precise amount of time spent, not to be billed in increments greater than one-tenth of an hour, who performed the task, their level of experience, and that person's hourly rate. *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D.Vt. 2006). Moreover, the records must be detailed enough to enable a court to determine whether the attorneys are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

This Court first notes that Mr. Klein's Rule 2016(b) Disclosure and his Rule 2017 Statement are both deficient. As to the Rule 2016(b) Disclosure, although it discloses that the Debtors paid Mr. Klein $3,774.00, which included the $274.00 filing fee, it is unclear whether Mr. Klein is sharing this compensation with persons who are not members of his firm. He checked the box at question 5, indicating he has agreed to share his compensation; however, in the section where he should list "the names of the people sharing in the compensation[,]" Mr. Klein lists "none." Mr. Klein's disclosures are also vague regarding the services he agreed to render. Again, in response to question 5, Mr. Klein discloses: "Payment for petition, schedules, b22, review of paystubs, tax returns, credit report, and no other work." Next, at question 6(a), he discloses that he has agreed to render legal services for all aspects of the bankruptcy case, including: "Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motion pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods." However, at question 7, Mr. Klein discloses that the $3,774.00

does not include: "Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding."

Mr. Klein states at paragraph 3 of his Fee Response that other than some pre-petition planning and post-petition negotiation, for $3,774.00, he merely agreed to prepare and file the chapter 13 petition and attend the Section 341(a) meeting. No disclosure reveals that Mr. Klein even contemplated representing the Debtors at the confirmation hearing. [dkt item 1]

In his Reply, Mr. Klein attaches a pre-petition retainer agreement dated December 12, 2007, which is different than what is disclosed in the Rule 2016(b) Disclosure. This agreement apparently requires the Debtors to pay $3,774.00 for their bankruptcy case and filing fee, and states: "In the event this matter becomes contested, you agree to pay my hourly rate of $385.00." [dkt item 51] However, regardless of the scope of services Mr. Klein agreed to provide, because he had been suspended from the practice of law before this Court, Mr. Klein could no longer comply with his agreement to provide legal services to Debtors.

Mr. Klein's Rule 2017 Statement is also deficient. Rule 2017-1 of the Local Bankruptcy Rules for the Eastern District of New York, provides as follows:

> Rule 2017-1 DESCRIPTION OF PRE-PETITION SERVICES OF DEBTOR'S COUNSEL IN CHAPTER 7 OR 13 CASES
>
> Upon the filing of a chapter 7 or 13 case, the attorney for the debtor shall submit a statement, together with and in addition to the statement required by Bankruptcy Rule 2016(b), containing:
>
> (I) a description of pre-petition services performed for and on behalf of the debtor in contemplation of the petition;
> (ii) an itemization of the services performed by each member,

> associate, or paraprofessional of the firm;
> (iii) the time spent in the performance thereof, including the dates upon which the services were rendered and the time spent on each date;
> (iv) an itemization of expenses incurred by the debtor's attorney; and
> (v) the firm's billing rates for comparable services for each member, associate or paraprofessional.

E.D.N.Y. LBR 2017-1

Mr. Klein's Rule 2017 Statement, however, fails to identify both the time spent on the services performed pre-petition and the associated billing rates. Mr. Klein also fails to provide an itemization of any expenses paid, and fails to describe the services performed in any meaningful detail. With respect to his billing rate of compensation, Mr. Klein discloses only that his usual rate for bankruptcy matters of this type is $3,774.00, but he provides no information as to his hourly rate. In fact, Mr. Klein did not state an hourly rate until he filed his Fee Response on May 18, 2009, ten months after the Petition Date, which stated an hourly rate of $385.00.

Finally, the Local Bankruptcy Rules for the Eastern District of New York address the obligations of debtor's counsel to represent their clients. Specifically, Local Bankruptcy Rule 2090-2, *inter alia*, requires that the attorney of record for a debtor:

> [S]hall appear on behalf of the debtor in every aspect of the case, including, but not limited to . . . defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the case.

E.D.N.Y. LBR 2090-2. Moreover, Local Bankruptcy Rule 2090-2(e) provides, *inter alia*, that:

Memorandum Opinion - p. 13

> [A]n attorney of record who fails or refuses without reasonable excuse to represent the debtor in defending an adversary proceeding, contested matter, motion or application filed against the debtor . . . may, after notice and a hearing, be sanctioned pursuant to this rule and may be ordered to disgorge fees paid in connection with the case pursuant to Bankruptcy Rule 2017.

E.D.N.Y. LBR 2090-2(e).

## **Benefit and Necessity of Services to the Debtors**

This Court must now evaluate whether the fees charged by Mr. Klein were for services which benefitted Debtors. In his Fee Response, as in his Rule 2016 and Rule 2017 Disclosures, Mr. Klein fails to identify how much time was spent and by whom on the pre-petition services he rendered. Based upon this Court's experience with numerous Chapter 13 cases, this Court finds that two (2) hours of paraprofessional time and one (1) hour of attorney time is reasonable for the services rendered prior to the Petition Date.

As for post-petition services, most of Mr. Klein's 12.0 hours of post-petition services were incurred reviewing proofs of claim, objecting to the HSBC and Washington Mutual claims, and prosecuting the Adversary. The Court further notes that Mr. Klein did not record any post-petition time amending Debtors' Chapter 13 Plan, or seeking to obtain confirmation. However, Mr. Klein's work only marginally benefitted Debtors because Debtors were unable to either confirm a plan or withstand the Chapter 13 Trustee's Motion to Dismiss. Mr. Klein could not follow through with his efforts in these matters once he was suspended, and the efforts he did expend prior to his suspension provided little benefit to the Debtors. Further, his suspension was not at all the fault of the Debtors. On the other hand, Debtors' failure to be able or willing to make

the payments required under the Conditional Order were a substantial cause of the dismissal of their case.

Accordingly, this Court finds that 4.0 hours of the 5.9 hours time Mr. Klein spent reviewing and objecting to the HSBC claims, and preparing, filing, and defending the Adversary provided benefit to Debtors. In that regard, Debtors received the benefit of Mr. Klein's work product.[4]

As for the reasonableness of Mr. Klein's billing rate and that of his paraprofessional, Mr. Klein has not provided this Court with any information from which it could ascertain that a rate of $385.00 per hour for Mr. Klein is commensurate with his skill level and reasonable in relation to the demands of this case. Further, Mr. Klein did not disclose a paraprofessional rate. Therefore, Mr. Klein has not met his burden of proof on the reasonableness of his requested fees.

Moreover, this Court notes that Mr. Klein maintains a public website, and that he now appears to be operating from New Jersey.[5] However, that website does not provide any background information regarding Mr. Klein's level of expertise from which this Court could take judicial notice to determine a reasonable professional hourly rate.

Rather than deny Mr. Klein any fee, this Court has determined and finds a rate of $250.00 per hour is a reasonable rate in this case for Mr. Klein, and that $85.00 per hour is a reasonable rate for a paraprofessional to assist in preparation of Debtors' petition, Schedules, SOFA and related filings. These rates are reasonable in relation to

---

[4] This Court is not passing on the merits, if any, of Debtors' claims against HSBC. Instead, this Court notes only that Mr. Klein has prepared and filed pleadings asserting claims against HSBC.

[5] During proceedings before this Court, Mr. Klein provided an address as follows: Shmuel Klein, Law Office of Shmuel Klein, PC, 268 Route 59, Spring Valley, NY 10977. His current professional address, however, lists several New Jersey office locations. *See* www.shmuelklein.com (last visited July 13, 2009).

rates generally charged in this district for cases of this type, based upon this Court's familiarity with rates generally charged in this district for services of this type. In addition, this Court has recently written two opinions regarding Chapter 13 debtor's counsel's fees involving a consumer debtor's attorney of seemingly similar competence and experience to Mr. Klein. *See In re Edward A Bruns*, No. 8-08-75936-ast (July 6, 2009); *In re John Raymond Herbert, Sr.,* No. 8-04-86487-ast (July 6, 2009). In both cases, this Court awarded a legal fee based on a rate of $250.00 per hour, and in the 2008 case, *Bruns*, this Court awarded $85.00 per hour as a reasonable rate for a paraprofessional.

Accordingly, a total of 5.0 hours of attorney time at $250.00 per hour, and 2.0 hours of paraprofessional time at $85.00 per hour, results in a total fee of $1,420.00, and a blended billing rate of $202.95 per hour, a reasonable overall rate for Mr. Klein.

Thus, Mr. Klein will be allowed a legal fee of $1,420.00 plus the filing fee of $274.00. Mr. Klein will be ordered to disgorge $2,080.00.

### This Court Is Not Establishing a Per Se Fee Cap or a "No Look" Fee For No-Asset Chapter 7 Cases in the Eastern District of New York or in Central Islip, New York

This Court is not establishing a fee cap or a "no look" fee or a per se reasonable fee for chapter 13 cases in the Eastern District of New York or in Central Islip, New York. This Court is aware that in other districts around the United States, some bankruptcy courts have established and published a "no look" fee policy. In this case, this Court does not have evidence in this record of what the prevailing or standard fee is for a chapter 13 case in the Eastern District of New York generally, or in Nassau and

Suffolk counties in particular, the geographic area served by cases administered in Central Islip. Notwithstanding Mr. Klein's statement in his Reply that the fee he charged is the "standard fee" for a Chapter 13 case, what some other districts call a "no look" fee, and notwithstanding his statement that $3,500.00 plus the filing fee "is the usual fee charged by all Chapter 13 bankruptcy attorneys that I know of in this Circuit," this Court is not establishing a per se or "no look" fee for chapter 13 cases.

## **Conclusion**

Therefore, based upon the services rendered by Mr. Klein as set forth above, and the benefits received by Debtors, a fee of $1,420.00 is reasonable for Mr. Klein in this case. Mr. Klein will be awarded a reasonable fee of $1,420.00. He will also be awarded the expenses he paid of $274.00 on Debtors' behalf. He, therefore, will be ordered to disgorge to Debtors the sum of $2,080.00. All other relief will be denied. A separate order will be entered.



**Dated: July 14, 2009**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**